IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO OSBORNE, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-1649-M |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I. Type of Case**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**II. Statement of the Case**

Petitioner challenges his conviction for possession of a controlled substance in the amount of four grams or more but less than 200 grams, with intent to deliver, enhanced. *State of Texas v. Antonio Osborne*, No. 2-09-326 (382nd Jud. Dist. Ct., Rockwall County, Tex., Dec. 2, 2009). Petitioner was sentenced to forty years in prison.

On March 31, 2011, the Fifth District Court of Appeals affirmed the conviction and sentence. *Osborne v. State*, No. 05-09-01488-CR, 2011 WL 1238384 (Tex. App. – Dallas Mar. 31, 2011, pet. dism'd). On October 5, 2011, the Court of Criminal Appeals dismissed Petitioner's petition for discretionary review as untimely.

On June 4, 2012, Petitioner filed his first state application for writ of habeas corpus. *Ex parte Osborne*, No. 40,162-05. On August 8, 2012, the Texas Court of Criminal Appeals dismissed the petition. On September 18, 2012, Petitioner filed his second state habeas application. *Ex parte Osborne*, No. 40,162-06. On December 19, 2012, the Texas Court of Criminal Appeals denied the application without written order.

On May 15, 2013, Petitioner filed his first federal § 2254 petition. *Osborne v. Stephens*, No. 3:13-CV-1913-M (N.D. Tex.). On May 27, 2014, the Court dismissed the petition as barred by the statute of limitations. Petitioner did not file an appeal.

On May 1, 2015, Petitioner filed the instant § 2254 petition. He argues he was incompetent to stand trial due to sleep deprivation, and that the sleep deprivation impaired his ability to use the law library, which violated his First Amendment rights.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(2).  Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**IV.  Recommendation**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 17th day of September, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).